MARYELLEN O'SHAUGHNESSY
CLERK OF THE FRANKLIN COUNTY COMMON PLEAS COURT, COLUMBUS, OHIO 43215
CIVIL DIVISION

PAUL DAVIS
7481 HEMRICH DRIVE
CANAL WINCHESTE, OH 43110,

PLAINTIFF,
VS.

PSEB LLC
C/O CT CORPORATION SYSTEM
4400 EASTON COMMONS
STE 125
COLUMBUS, OH 43219,
DEFENDANT.

21CV-04-2569
CASE NUMBER

**** SUMMONS ****          04/24/21

TO THE FOLLOWING NAMED DEFENDANT:
PSEB LLC
C/O CT CORPORATION SYSTEM
4400 EASTON COMMONS
STE 125
COLUMBUS, OH 43219

YOU HAVE BEEN NAMED DEFENDANT IN A COMPLAINT FILED IN FRANKLIN COUNTY COURT OF COMMON PLEAS, FRANKLIN COUNTY HALL OF JUSTICE, COLUMBUS, OHIO,
BY:    PAUL DAVIS
       7481 HEMRICH DRIVE
       CANAL WINCHESTE, OH 43110,

PLAINTIFF(S).

A COPY OF THE COMPLAINT IS ATTACHED HERETO. THE NAME AND ADDRESS OF THE PLAINTIFF'S ATTORNEY IS:
GARY A. REEVE
LAW OFFICES OF GARY REEVE
5354 CEMETERY ROAD
HILLIARD, OH 43026

YOU ARE HEREBY SUMMONED AND REQUIRED TO SERVE UPON THE PLAINTIFF'S ATTORNEY, OR UPON THE PLAINTIFF, IF HE HAS NO ATTORNEY OF RECORD, A COPY OF AN ANSWER TO THE COMPLAINT WITHIN TWENTY-EIGHT DAYS AFTER THE SERVICE OF THIS SUMMONS ON YOU, EXCLUSIVE OF THE DAY OF SERVICE. YOUR ANSWER MUST BE FILED WITH THE COURT WITHIN THREE DAYS AFTER THE SERVICE OF A COPY OF THE ANSWER ON THE PLAINTIFF'S ATTORNEY.

IF YOU FAIL TO APPEAR AND DEFEND, JUDGMENT BY DEFAULT WILL BE RENDERED AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.

MARYELLEN O'SHAUGHNESSY
CLERK OF THE COMMON PLEAS
FRANKLIN COUNTY, OHIO

BY:  BROOKE ELLIOTT, DEPUTY CLERK

**EXHIBIT A**

(CIV370-S03)

```
                    MARYELLEN O'SHAUGHNESSY
     CLERK OF THE FRANKLIN COUNTY COMMON PLEAS COURT, COLUMBUS, OHIO 43215
                           CIVIL DIVISION
                                                        JUDGE S. MUNSON
PAUL DAVIS,
ET. AL.,
          PLAINTIFF,
                                21CV-04-2569
     VS.
                                CASE NUMBER

PSEB LLC,
ET. AL.,
          DEFENDANT.

                        CLERK'S ORIGINAL CASE SCHEDULE
                        ------------------------------
```

|   | LATEST TIME OF OCCURRENCE |
|---|---|
| CASE FILED | 04/24/21 |
| INITIAL DISCLOSURES OF THE PARTIES [CIV. R. 26(B)(3)] | 06/21/21 |
| CASE MANAGEMENT/PRETRIAL CONFERENCE WITH COURT | SET UPON REQUEST TO CHAMBERS |
| EXPERT WITNESS [CIV. R. 16(B)(7)] | |
|    DISCLOSE IDENTITY - PARTY WITH BURDEN | 09/20/21 |
|    DISCLOSE IDENTITY - PARTY WITHOUT BURDEN | NO LATER THAN 30 DAYS AFTER OPPOSING DISCLOSURE |
|    EXPERT REPORT & CV DUE - PARTY WITH BURDEN | 10/18/21 |
|    EXPERT REPORT & CV DUE - PARTY WITHOUT BURDEN | NO LATER THAN 45 DAYS AFTER OPPOSING REPORTS |
| DISPOSITIVE MOTION DEADLINE | 12/20/21 |
| DISCOVERY CUTOFF DATE | 01/17/22 |
| FINAL PRETRIAL CONFERENCE | 04/25/22 0130 PM |
| TRIAL ASSIGNMENT | 05/23/22 0900 AM |

PAGE 1

MARYELLEN O'SHAUGHNESSY
CLERK OF THE FRANKLIN COUNTY COMMON PLEAS COURT, COLUMBUS, OHIO 43215
CIVIL DIVISION

JUDGE S. MUNSON

PAUL DAVIS,
ET. AL.,
       PLAINTIFF,

VS.

PSEB LLC,
ET. AL.,
       DEFENDANT.

21CV-04-2569
**CASE NUMBER**

CLERK'S ORIGINAL CASE SCHEDULE
---------------------------------

## NOTICE TO ALL PARTIES

    Attorneys and unrepresented parties must become familiar with the 2020 amendments to the Ohio Rules of Civil Procedure and this court's Local Rules.

    The Original Case Schedule is an important tool to assist the parties and the court in meeting case management guidelines in the Ohio Superintendence Rules, and otherwise achieving timely disposition of civil cases notwithstanding the priority given to criminal cases under Crim. R. 50.

    Judicial Officers of this court may modify the Original Case Schedule following receipt of the parties' Joint Discovery Plan, or for good cause at any other point in the case. However, it is essential for attorneys and unrepresented parties to pursue their cases diligently from the outset. Deadlines set in the Rules and in this Original Case Schedule are normally binding, not merely aspirational.

                                        BY ORDER OF THE COURT OF COMMON PLEAS,
                                        FRANKLIN COUNTY, OHIO

                                        MARYELLEN O'SHAUGHNESSY, CLERK

                                                        (CIV363-S10)

0F480 - Q40

Franklin County Ohio Clerk of Courts of the Common Pleas- 2021 Apr 26 2:05 PM-21CV002569
Case: 2021 CV 002569 Doc/File# 5 Filed 06/20/22 Page 25 of 62 PAGEID #: 9

MARYELLEN O'SHAUGHNESSY

FRANKLIN COUNTY CLERK OF COURTS
GENERAL DIVISION, COURT OF COMMON PLEAS

CASE TITLE: PAUL DAVIS -VS- PSEB LLC

CASE NUMBER: 21CV002569

TO THE CLERK OF COURTS, YOU ARE INSTRUCTED TO MAKE:
CERTIFIED MAIL

DOCUMENTS TO BE SERVED:
COMPLAINT

PROPOSED DOCUMENTS TO BE SERVED:

UPON:
PSEB LLC
C/O CT CORPORATION SYSTEM
4400 EASTON COMMONS
STE 125
COLUMBUS, OH  43219

JUVENILE CITATIONS ONLY:

HEARING TYPE:

_ Date already scheduled at  :  Courtroom:

**Electronically Requested by:**  GARY A. REEVE
**Attorney for:**

Franklin County Ohio Clerk of Courts of the Common Pleas- 2021 Apr 24 2:05 PM-21CV002569
0F480 - Q36
Case: 2:21-cv-03005-MHW-KAJ Doc #: 1-1 Filed: 06/01/21 Page: 5 of 8 PAGEID #: 10

## IN THE COMMON PLEAS COURT FOR FRANKLIN COUNTY, OHIO

PAUL DAVIS
7481 Hemrich Drive
Canal Winchester, Ohio 43110

   Plaintiff    :   CASE NO.

   v.    :   JUDGE

PSEB LLC
c/o CT Corporation System
4400 Easton Commons, Ste. 125
Columbus, Ohio 43219

   Defendant

## COMPLAINT
### w/ Jury Demand

NOW COMES Plaintiff Paul Davis and proffers this Complaint for damages against Defendant PSEB LLC.

1. Plaintiff is a natural person residing in Franklin County, Ohio.

2. Defendant is a foreign limited liability company with facilities in Franklin County, Ohio at which the events below took place.

3. Plaintiff was employed by Defendant for approximately 11 years, most recently as a Maintenance Lead, until his discharge on March 26, 2021.

4. In late 2020, Defendant appointed Devin Welch ("Welch") as the supervisor over 2nd shift the Maintenance area, and therefore Plaintiff's immediate supervisor.

5. Within a short period of time after his appointment, Welch began name-calling Maintenance employees on a regular basis (e.g., "idiots"), and threatening to "make them quit" if they did not blindly follow whatever orders he gave.

Franklin County Ohio Clerk of Courts of the Common Pleas- 2021 Apr 24 2:05 PM-21CV002569
0F480 - Q37
Case: 2:21-cv-03005-MHW-KAJ Doc #: 1-1 Filed: 06/01/21 Page: 6 of 8 PAGEID #: 11

6. 2nd shift Maintenance employees sent written complaints to corporate and Human Resources ("HR") about Welch's erratic behavior. The Maintenance employees were individually called in and questioned about Welch's behavior. It was evident to Plaintiff from the way HR treated him during the questioning that they refused to believe what Plaintiff was telling them about Welch's behavior.

7. On March 18, 2021, Plaintiff surreptitiously taped a conversation with Welch in Welch's office. In this conversation, Welch stated he would "go to war with the whole Department." Welch also stated that the job was making his home life miserable, and that he was going to "blow my [his own] brains out right in this office…right in this f--- in' office."

8. Plaintiff and 4 co-workers went to Human Resources as a group on March 22, 2021 to complain about Welch's erratic behavior, and they were again each individually questioned and treated as if they were lying about Welch's behavior.

9. Immediately after the end of the meeting, Plaintiff told HR he had a tape that would support what had been said about Welch's behavior. He asked HR if it was wrong for him to have taped the conversation and HR said, "No," and that Plaintiff would not get into any trouble over it. Plaintiff then played HR 90 seconds of the tape that included the statements set forth in ¶ 7 above. The HR person borrowed the tape overnight, then returned it to Plaintiff the next day.

10. Through information and belief, Welch was sent home on March 23, 2021 pending investigation.

11. On and after March 23, 2021, the Maintenance employees, including Plaintiff, were each questioned individually by Defendant's Loss Prevention department. Loss

2

Prevention Manager Tiffany LNU specifically asked Plaintiff for a copy of the March 18, 2021 tape, and Plaintiff explained he had as yet been unable to copy it but would try harder and get it to her as soon as he could, probably a couple of days, which she agreed to.

12. On March 26, 2021, Defendant's Facilities Manager John Crooks and HR Representative Beth LNU telephoned Plaintiff on a conference call and explained to him that he was being discharged for surreptitiously taping his conversation with Welch, for being a "First Responder" who did not report the allegedly dangerous situation quickly enough, and for impeding an investigation by not providing a copy of the taped conversation quickly enough.

13. On March 26, 2021 three other 2nd shift Maintenance employees were put on Final Written Warning for being "First Responders" who did not reporting the same situation with Welch quickly enough.

14. Through information and belief, Welch returned to work in his supervisory position within a week following Plaintiff being discharged.

## COUNT I
**WRONGFUL DISCHARGE IN VIOLATION OF OHIO PUBLIC POLICY**

15. Plaintiff reasserts and reincorporates each and every allegation contained in ¶¶1-14 above as if fully rewritten here.

16. The State of Ohio has a clear public policy regarding maintaining a workplace that is safe for the individual workers, as expressed in R.C. §§ 4101.11 and 4101.12.

17. Discharge under circumstances such as those described above would jeopardize the public policy set forth in ¶ 16 above.

Case: 2:21-cv-03005-MHW-KAJ Doc #: 1-1 Filed: 06/01/21 Page: 8 of 8 PAGEID #: 15
Franklin County Ohio Clerk of Courts of the Common Pleas- 2021 Apr 24 2:05 PM-21CV002569
0F480 - Q39

18. Defendant's discharge of Plaintiff was truly motivated by Plaintiff's reporting to Defendant a violation of the public policy set forth in ¶ 16 above and not by the reason(s) it claimed, and would not have happened but for that reason.

19. Defendant had no business justification for its discharge of Plaintiff sufficient to override the public policy at issue.

20. Defendant wrongful discharge of Plaintiff entitles Plaintiff to compensatory damages, punitive damages, and attorney fees and costs, in an amount to be determined at trial, but in any event at least $25,000.00.

**WHEREFORE**, Plaintiff requests judgment against Defendant as follows:

for Count I, compensatory and punitive damages, and attorney fees and costs, in an amount to be determined at trial, but in any event at least $25,000.00, plus the equitable remedy of reinstatement and/or front pay.

## JURY DEMAND

Plaintiff demands a jury decide all claims.

Respectfully Submitted,

s/ Gary A. Reeve
Gary A. Reeve (0064872)
Trial Attorney for Plaintiff
Law Offices of Gary A. Reeve
5354 Cemetery Road
Hilliard, Ohio 43026
Ph.: (614) 808-1881
Fax: (614) 334-5107
*greeve@reevelaw.net*

4